Giordano, Halleran & Ciesla, P.C.
Martin J. Feinberg
Christopher J. Marino
125 Half Mile Road, Suite 300
Red Bank, NJ 07701
(732) 741-3900
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHANEL, INC.,<br><br>      Plaintiff,<br><br>  -against-<br><br>B&B PARTY RENTALS OF NJ, INC. doing business as B&B TENT AND PARTY RENTALS and YEHUDA KLEINBART, individually,<br><br>      Defendants. | Civil Action No.<br><br><br>**COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, UNFAIR COMPETITION, TRADEMARK DILUTION, COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION, AND VIOLATIONS OF N.J. STAT § 56:4-1 and 56:3-13.20 *et seq*.

Plaintiff, Chanel, Inc. ("Chanel"), by its undersigned attorneys, alleges on knowledge as to its own acts and otherwise on information and belief as follows:

### NATURE OF THE ACTION

1.  This is an action for trademark infringement, false designation of origin and false advertising, trademark dilution, unfair competition, and deceptive acts and practices in violation of the laws of the United States and the State of New Jersey.  Chanel seeks an injunction, damages and related relief.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.  Plaintiff's claims are predicated upon the Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq., and related claims under the statutory and common law of the State of New Jersey.  This Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367 in that those claims are related to claims under this Court's original jurisdiction and form part of the same case or controversy under Article III of the United States Constitution.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c) in that Defendant does and/or transacts business, or may otherwise be found, in this judicial district, and the acts complained of have occurred and are occurring in this judicial district.

## THE PARTIES

3.      Chanel is a New York corporation with its principal place of business at 9 W. 57th St., New York, NY 10019.

4.      Defendant, B&B Party Rentals of NJ, Inc. doing business as B&B Tent and Party Rentals, is a New Jersey corporation ("B&B") with a principal place of business located at 56 Progress Place, Jackson, New Jersey 08527.  B&B advertised, distributed, offered for rent, and rented the infringing products at issue in this case and otherwise regularly conducts business in New Jersey and within this judicial district.

5.      Defendant Yehuda Kleinbart ("Kleinbart"), an individual residing at and/or doing business from 56 Progress Place, Jackson, New Jersey 08527, is the Chief Executive Officer and moving, active, dominating and controlling force behind the operation of B&B's infringing and other wrongful activities, and personally participated in the transactions alleged herein. Defendant Kleinbart regularly conducts business within the state of New Jersey, and within this judicial district (hereinafter B&B and Kleinbart are collectively referred to as "Defendants").

2

## CHANEL'S FAMOUS TRADEMARKS

6.      For over eight decades, Chanel has advertised, offered for sale, and sold fragrance and beauty products, high quality leather goods, apparel, costume jewelry, accessories, and a wide variety of other products including home goods throughout the United States.  Chanel's fragrance and beauty products, leather goods, apparel, costume jewelry, accessories, and other products have been widely advertised, offered for sale and sold throughout the United States under various distinctive trademarks, including, but not limited to, the CC Monogram:

      

The CC Monogram trademarks have at all relevant times been owned by Chanel or its predecessor.

7.      The CC Monogram trademarks are represented on hundreds of millions of dollars' worth of consumer goods sold each year.  Products bearing or sold under the CC Monogram trademarks are available at Chanel boutiques, select department store and specialty retail locations throughout the United States.  In this judicial district; Chanel products bearing or sold under the CC Monogram trademarks are available at brick and mortar stores, on Chanel's own website, and by authorized retailers on the Internet.  In addition to appearing on products, the CC Monogram trademarks are also used on packaging and collateral materials including, but not limited to, hangtags, hangers, boxes, bottles, compacts, and labels.

8.      The public's recognition of the CC Monogram trademarks is enhanced by Chanel's extensive advertising, and by editorial and press coverage of Chanel's product line. Advertisements featuring the CC Monogram trademarks appear in nationally distributed

publications that reach hundreds of millions of people.   Press coverage of Chanel's products bearing the CC Monogram trademarks also reaches hundreds of millions of consumers.

9.      As a result of its exclusive and extensive use, advertisement, and promotion, the CC Monogram trademarks have acquired enormous value and recognition in the United States. The CC Monogram trademarks are well known to the consuming public and trade as identifying and distinguishing Chanel exclusively and uniquely as the source of origin of the high quality products to which the mark is applied.   The CC Monogram trademark is both inherently distinctive and famous.

10.     The CC Monogram trademarks are registered in the United States Patent and Trademark Office in connection with fragrance and beauty products, leather goods, apparel, costume jewelry, accessories, and other products, including, but not limited to, the following registrations (hereinafter collectively the "CC Monogram Trademarks"):

| MARK | REGISTRATION NO. | DATE OF ISSUANCE |
|---|---|---|
|  | 195,359<br>399,751<br>799,642<br>1,241,264<br>1,271,876<br>1,347,094<br>1,654,350<br>4,505,440<br>4,237,494<br>4,973,295 | 2/24/1925<br>1/26/1943<br>11/30/1965<br>6/7/1983<br>3/27/1984<br>7/9/1985<br>8/20/1991<br>4/1/2014<br>11/6/2012<br>6/7/2016 |
|  | 1,293,398<br>1,314,511<br>1,654,252<br>1,734,822<br>4,074,269<br>5,280,486 | 9/4/1984<br>1/15/1985<br>8/20/1991<br>11/24/1992<br>12/20/2011<br>9/5/2017 |
|  | 1,501,898 | 8/30/1988 |

Docs #3563652-v2

11.     The foregoing registrations are valid and subsisting and are in full force and effect and some have achieved incontestable status pursuant to 15 U.S.C. §1065.

**DEFENDANTS' WRONGFUL ACTIVITIES**

12.     Defendants, without the consent of Chanel, have advertised, distributed, offered for rent, and/or rented in interstate commerce, "Clear Channele" and "White Channele" chairs bearing infringements of the CC Monogram Trademarks (the "Offending Chairs"). Examples of Defendants' rental offerings have been annexed hereto as Exhibit A.

13.     Long after Plaintiff's adoption, use and authorization of use of the CC Monogram Trademarks on fragrance and beauty products, leather goods, apparel, costume jewelry, accessories, and a wide variety of other products including home goods, and long after Plaintiff's federal registration of its trademarks, Defendants commenced the advertisement, distribution, offer for rent and rental of the Offending Chairs bearing infringements of the CC Monogram Trademarks, as this trademark appears on products authorized by Plaintiff and as detailed in this Complaint.

14.     The acts of Defendants in advertising, distributing, offering for rent and renting in interstate commerce of the Offending Chairs bearing infringements of the CC Monogram Trademarks: (a) are likely to cause confusion and mistake among the consuming public that there is some affiliation, connection or association of Defendants with Chanel, (b) are likely to cause confusion and mistake among the consuming public that said products are being offered to the consuming public with the sponsorship or approval of Chanel, and/or (c) have caused and are likely to cause dilution of the distinctive quality of the CC Monogram Trademarks.

15.     Defendants advertised, distributed, offered for rent and rented the Offending Chairs knowing the chairs bore infringements of the CC Monogram Trademarks. Defendants

engaged in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said products and, to gain to Defendants, the benefit of the enormous goodwill associated with the CC Monogram Trademarks.  The aforementioned acts of Defendants are also likely to dilute, and have diluted, the distinctive quality of the CC Monogram Trademarks.

16.     On September 7, 2018, Chanel placed Defendants on notice via cease and desist letter regarding its offer for rent and rental of the Offending Chairs, but Defendants subsequently failed to continue their discussions with Chanel.

**FIRST CLAIM FOR RELIEF**
**FEDERAL TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114**

17.     Chanel repeats each and every allegation set forth in paragraphs 1 through 16 above as if fully set forth herein.

18.     Defendants use of the CC Monogram Trademarks, without Chanel's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the goods bearing infringements of the CC Monogram Trademarks.

19.     Such conduct on the part of Defendants has injured Chanel in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Chanel for which Chanel has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING,**
**AND UNFAIR COMPETITION PURSUANT TO 15 U.S.C § 1125(a)**

20.     Chanel repeats each and every allegation set forth in paragraphs 1 through 19 above as if fully set forth herein.

Docs #3563652-v2

21.     Defendants' use of the CC Monogram Trademarks, without Chanel's consent, constitutes the use of false or misleading designations of origin and/or the making of false or misleading representations of fact and/or false advertising in commercial advertising or promotion, in violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source or approval of the goods manufactured, advertised, distributed, offered for rent and/or rented by Defendants bearing infringements of the CC Monogram Trademarks.

22.     Such conduct on the part of Defendants has injured Chanel in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Chanel, for which Chanel has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**<u>FEDERAL TRADEMARK DILUTION PURSUANT TO 15 U.S.C. § 1125(c)</u>**

23.     Chanel repeats each and every allegation set forth in paragraphs 1 through 22 above as if fully set forth herein.

24.     The CC Monogram Trademarks are famous and inherently distinctive.  Chanel and its affiliates, in connection with the promotion and sale of their products, have used the CC Monogram Trademarks for decades on both a national and international basis.  As a result of Chanel's extensive and substantial promotion of the CC Monogram Trademarks, the consuming public and trade have come to associate the CC Monogram Trademarks uniquely and distinctly with Chanel and its high quality merchandise.

25.     Long after the CC Monogram Trademarks became famous, Defendants, without authority from Chanel, used unauthorized reproductions, copies and colorable imitations of the CC Monogram Trademarks and thereby caused, and are causing, the actual dilution of the distinctive qualities of these registered trademarks.

Docs #3563652-v2

26.     As a result, Defendant has engaged in trademark dilution in violation of 15 U.S.C. § 1125(c).

27.     Such conduct on the part of Defendants has injured Chanel in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Chanel, for which Chanel has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

28.     Chanel repeats each and every allegation set forth in paragraphs 1 through 27 above as if fully set forth herein.

29.     The aforementioned acts of Defendants constitute trademark infringement and unfair competition in violation of the common law of the State of New Jersey.

30.     Such conduct on the part of Defendants has injured Chanel in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Chanel, for which Chanel has no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF**
**UNFAIR COMPETITION (N.J. STAT. § 56:4-1 *et seq*.))**

31.     Chanel repeats each and every allegation set forth in paragraphs 1 through 30 above as if fully set forth herein.

32.     The aforementioned acts of Defendants constitute unfair competition in violation of N.J. Stat. § 56:4-1 *et seq*.

33.     Such misconduct on the part of Defendant has injured Chanel in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Chanel, for which Chanel has no adequate remedy at law.

Docs #3563652-v2

## SIXTH CLAIM FOR RELIEF
## (DILUTION (N.J. STAT § 56: 3-13.20))

34.     Chanel repeats each and every allegation set forth in paragraphs 1 through 33 above as if fully set forth herein.

35.     Long after the CC Monogram Trademarks became famous, Defendant, without authority from Chanel, willfully used unauthorized reproductions, copies and colorable imitations of the CC Monogram Trademarks and thereby caused, and is causing, the actual dilution of the distinctive qualities of these registered trademarks.

36.     The aforementioned acts of Defendant constitute willful trademark dilution in violation of N.J. Stat. § 56:3-13.20.

37.     Such conduct on the part of Defendant has injured Chanel in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Chanel for which Chanel has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Chanel demands judgment as follows:

1.      Ordering Defendants to preserve and produce all documents, chairs and other things regarding, referring or reflecting the design, manufacture, importation, exportation, distribution, promotion, advertisement, offer for rent, rental and/or sale of any products bearing the CC Monogram Trademarks, including, but not limited to, any written, typed, photocopied, photographed, recorded, computer generated or stored, or other communication or representation, either stored manually or digitally in any computer memory, hard drive, server or other form retrievable by a computer which are currently in Defendants' custody, possession or control or in the custody, possession or control.

Docs #3563652-v2

2.      Preliminarily and Permanently enjoining and restraining Defendants, their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them from:

(a)      imitating, copying or making unauthorized use of the CC Monogram Trademarks or any marks confusingly similar thereto;

(b)      manufacturing, importing, exporting, distributing, circulating, offering for rent, renting, offering for sale, selling, advertising, promoting or displaying any products bearing any unauthorized reproduction, copy or colorable imitation of the CC Monogram Trademarks or any marks confusingly similar thereto;

(c)      using any unauthorized colorable imitation of the CC Monogram Trademarks, or any marks confusingly similar thereto, in connection with the manufacture, promotion, advertisement, display, offering for rental, rental, offering for sale, sale, production, import, export, circulation or distribution of any product in such manner as to relate or connect, or tend to relate or connect, such product in any way with Chanel or to any goods sold, sponsored, approved by, or connected with Chanel;

(d)      using any unauthorized colorable imitation of the CC Monogram Trademarks, or any marks confusingly similar thereto, in connection with the manufacture, promotion, advertisement, display, offer for rental, rental, offer for sale, sale, production, import, export, circulation or distribution of any product which dilutes or is likely to dilute Chanel's image, trade names or reputation or the distinctive quality of the CC Monogram Trademarks;

(e)      engaging in any other activity constituting unfair competition with Chanel or constituting an infringement of the CC Monogram Trademarks or of Chanel's rights in, or its

right to use or exploit such trademarks, or constituting dilution of the CC Monogram Trademarks, and the reputation and the goodwill associated therewith;

(f)      making any statement or representation whatsoever, with respect to the infringing goods at issue, that falsely designates the origin of the products as those of Chanel, or that is false or misleading with respect to Chanel; and

(g)      engaging in any other activity, including the effectuation of assignments or transfers of its interests in unauthorized colorable imitations of the CC Monogram Trademarks, or any marks confusingly similar thereto, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 2(a) through 2(f) above.

3.      Directing Defendants to file and serve on Chanel within thirty (30) days after the entry of a permanent injunction, a written report sworn under oath setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction.

4.      That Defendants be adjudged to have violated 15 U.S.C. § 1114 by infringing the CC Monogram Trademarks.

5.      That Defendants be adjudged to have violated 15 U.S.C. § 1125(a).

6.      That Defendants be adjudged to have violated 15 U.S.C. § 1125(c) by diluting the CC Monogram Trademarks.

7.      That Defendants be adjudged to have infringed upon the CC Monogram Trademarks and engaged in activities which constitute unfair completion in violation of the common law of the State of New Jersey.

8.      That Defendants be adjudged to have engaged in activities that constitute unfair competition in violation of the laws of State of New Jersey.

9.      That Defendants be adjudged to have engaged in activities that are likely to dilute the distinctive quality of the CC Monogram Trademarks in violation of the laws of the State of New Jersey.

10.     Directing Defendants to deliver for destruction all Offending Chairs and components bearing the CC Monogram Trademarks, or anything confusingly similar thereto, remaining in Defendants' inventory and all products, labels, tags, artwork, prints, signs, packages, boxes, dies, plates, molds, matrices and any other means of production, wrappers, receptacles and advertisements relating to the Offending  Chairs in its possession, custody or control bearing resemblance to the CC Monogram Trademarks and/or any marks that are confusingly similar thereto.

11.     Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product at issue in this case that has been offered for rent, rented, offered for sale, sold and/or otherwise circulated or promoted by Defendant is authorized by Chanel and/or is related to or associated in any way with Chanel and/or Chanel's products.

12.     Requiring Defendants to account and pay over to Chanel, all profits realized by its wrongful acts and directing that such profits be enhanced as to Defendant's willful actions.

13.     Awarding Chanel its costs, expenses, reasonable attorneys', investigatory and destruction fees.

14.     Retaining jurisdiction of this action for the purpose of enabling Chanel to apply to the Court at any time for such further orders and interpretation or execution of any order entered

12

in this action for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

15.     Awarding Chanel such other and further relief as the Court may deem just and proper.

Dated: Red Bank, New Jersey
       March 14,  2019

GIORDANO, HALLERAN & CIESLA, P.C.

By:     _____
        Martin J. Feinberg
        Christopher J. Marino
        Giordano, Halleran & Ciesla, P.C.
        125 Half Mile Road, Suite 300
        Red Bank, New Jersey 07701
        Telephone: (732) 741-3900
        Fax: (732) 224-6599
        mfeinberg@ghclaw.com
        cmarino@ghclaw.com.com

        *Attorneys for Plaintiff*

13

# EXHIBIT A

Docs #3563652-v2

